IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| John V. Turner, Jr., | ) | Civil Action No.: 7:10-1673-JMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Joyce Walden and Brenda | ) | |
| Drinkwater, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the United States' motions to substitute itself for the individual defendants in this case [Doc. 9] and to dismiss for lack of subject matter jurisdiction [Doc. 10]. The plaintiff is proceeding *pro se.* On July 8, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion to dismiss. [Doc. 11.]  After numerous efforts by the Court to ensure service of all relevant documentation in this case, the plaintiff filed his response to the motion to dismiss, on November 1, 2010. [Doc. 42.] As to the motion for substitution, he has elected not to respond.

I.    **Motion to Substitute**

The United States contends that it is the only proper party in a tort action against its employees for acts or omissions allegedly arising in the scope of their employment.  The plaintiff alleges various tort actions related to the physical location of his mailbox and seeks damages in the amount of $5,000.00, resulting from allegedly negligent or wrongful acts or omissions of Joyce Walden, rural letter carrier, and Brenda Drinkwater, postmaster, employees of the United States Postal Service.  (See generally Compl.)

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1); *see United States v. Smith,* 499 U.S. 160, 165-66 (1991); *Benston v. Evans*, 170 Fed. Appx. 269, 270 (4th Cir. 2006); *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). The plaintiff does not dispute that the torts alleged in his complaint fall within this provision. There are two exceptions to the exclusivity provisions which are codified at 28 U.S.C. § 2679(b)(2). As the United States contends, neither exception applies to these state law causes of action nor has the plaintiff argued otherwise.

28 U.S.C. § 2679(d)(2) provides that upon certification by the Attorney General that a federal employee was acting within the scope of her office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action brought against the United States, and the United States shall be substituted as sole defendant with respect to those claims. It appears that the Attorney General has delegated certification authority to the United States Attorneys. *See* 28 C.F.R. § 15.3; *see also Vogrin v. U.S.*, 1998 WL 193108, at **1-2 (4th Cir. April 23, 1998).

William N. Nettles, United States Attorney for the District of South Carolina, has certified that Joyce Walden and Brenda Drinkwater were acting within the scope of their employment at the time of incidents alleged in the complaint, and that, pursuant to 28 U.S.C. § 2679(d)(2), this action shall be deemed an action brought against the United States and the United States shall be substituted for these defendants. *See* Def. Ex. 1. The

Court has reviewed it in accordance with *Maron v. United States*, 126 F.3d 317, 321 (4th Cir.1997). It is the plaintiff's burden to rebut the prima facie showing of the United States' certification. *Id*. at 323. To the United States certification, however, there is no conflicting evidence or argument.

The complaint does not speak of facts which would somehow remove the case from the scope of the FTCA. All relevant averments describe acts or omissions of the defendants in the context of the execution of their duties as employees of the United States Postal Service. (See generally Compl.) Allegations of harassment have all been levied against the plaintiff's neighbor, who is not a defendant to this case. Based upon all the considerations, it appears that the Court is constrained to substitute the United States as defendant. This view is consistent with the determination of other courts of this jurisdiction and elsewhere, on similar facts. *See Brackett v. Walker*, 2007 WL 4165248, at *1 (W.D.N.C. November 19, 2007); *see also Kennedy*, 145 F.3d at 1078; *Rowser v. U.S. Postal Service*, 1996 WL 143463, at *2 (6th Cir. March 28, 1996).

## II.    Motion to Dismiss

The defendant United States has also moved to dismiss the case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Specifically, the defendant contends that the plaintiff failed to file an administrative claim with the relevant federal agency prior to initiating this present lawsuit. While the argument fundamentally sounds in exhaustion, this circuit court of appeals has expressly concluded that the matter is "jurisdictional and cannot be waived." *Henderson v. United States*, 785 F.2d 121 (4th Cir. 1986) (postal service case); *see also Plyler v. U.S.*, 900 F.2d 41(4th Cir. 1990)(finding a failure to exhaust administrative remedies under the FTCA deprives district court of subject matter jurisdiction).

The FTCA requires that a plaintiff exhaust his administrative remedies prior to litigation. Specifically, 28 U.S.C. § 2675 provides in part:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

After presentment of the administrative claim, suit cannot be commenced until the agency denies the claim or six months have elapsed; the claimant can deem the claim to have been denied if the agency has not made a final disposition within that period. 28 U.S.C. § 2675(a).

Prior to filing this action, therefore, the plaintiff was required (1) to present his claim to the United States within two years of the incident, and (2) to receive a final denial of the claim or wait for the expiration of six months after the filing of the claim. *See, e.g., Ahmed v. United States*, 30 F.3d 514 (4th Cir. 1994). Apparently, neither prerequisite has been satisfied. The defendant has submitted evidence that the plaintiff has not filed any tort claim whatsoever. (Mot. Dismiss, Def. Ex. 2.) As stated, the plaintiff has not made any response or otherwise argued that he previously filed any sort of administrative claim. (See Pl. Resp.) The undersigned, therefore, has no basis to find that the FTCA claims of the plaintiff have any jurisdictional basis in this Court.

## **CONCLUSION**

It is, therefore, recommended that the United States should be substituted as the proper party and defendants Walden and Drinkwater be dismissed. To the extent that this recommendation is adopted, it is further recommended that the defendant's motion to dismiss be GRANTED and the entirety of the case dismissed *without prejudice*.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 4, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**