IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| John V. Turner, Jr., ) | |
| ) | C.A. No. 7:10-cv-01673-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Joyce Walden and Brenda Drinkwater, ) | |
| ) | |
| Defendants. ) | |

Plaintiff John V. Turner, Jr. filed this action against Defendants Joyce Walden and Brenda Drinkwater alleging various tort actions related to the physical location of his mailbox and allegedly negligent or wrongful acts and omissions of a letter carrier. The matters currently before the court are the United States' motions to substitute itself for the individual defendants in this case [Entry #. 9] and to dismiss for lack of subject matter jurisdiction [Entry # 10].

The Magistrate Judge's Report and Recommendation [Entry # 44], filed on November 04, 2010, recommended that the United States' motions be granted on the grounds that the Federal Tort Claims Act allows the substitution of the United States as the sole defendant with respect to these claims and that Plaintiff has failed to file an administrative claim prior to initiating the instant lawsuit. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge

1

makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report and Recommendation [Entry # 44, Attachment 1]. However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

It is therefore **ORDERED** that the United States' Motion for Substitution [Entry # 9] and the Untied States' Motion to Dismiss [Entry # 10] are granted and the entirety of the case is dismissed without prejudice.

**IT IS SO ORDERED.**

<u>**s/J. Michelle Childs**</u>
United States District Judge

Greenville, South Carolina
November 24, 2010